**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lupe C. Hernandez,<br><br>   Plaintiff,<br><br>vs.<br><br>Michael J. Astrue,<br>Commissioner of Social Security,<br><br>   Defendant. | No. 2:07-CV-00828-PHX-GMS<br><br>**ORDER** |

Pending before the Court are the Motion for Summary Judgment of Plaintiff Lupe C. Hernandez (Dkt. # 16) and the Cross-Motion for Summary Judgment of Defendant Michael J. Astrue, Commissioner of Social Security (Dkt. # 26) . For the reasons set forth below, the Court grants Plaintiff's motion and denies Defendant's cross-motion.

**BACKGROUND**

On March 27, 2000, Plaintiff filed an application for Supplemental Security Income. (TR at 19.) She alleged a disability date of September 1, 1999. (*Id.*) The claim was denied both initially and upon reconsideration. (*Id.*) Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.*) The ALJ issued an unfavorable decision, but that decision was subsequently reversed by the Appeals Council. (*Id.*) On remand, the ALJ issued a partly-favorable decision to the effect that Plaintiff had been disabled as of January 16, 2006. (*Id.* at 20.)

In determining whether Plaintiff was disabled, the ALJ undertook the five-step sequential evaluation set forth in 20 C.F.R. § 404.1520 (2003).[1] The ALJ found that Plaintiff had established a prima facie case of disability by showing that she was not engaged in substantial gainful activity, that her disability was severe, and that she was unable to perform any relevant past work. (TR at 29.) At step five, however, the ALJ concluded, based on the testimony of a vocational expert, that there were a significant number of jobs in the national economy that Plaintiff could have performed between September 1, 1999, and January 15, 2006. (*Id.* at 28-29.) On that basis, the ALJ concluded that Plaintiff was not disabled during that period. (*Id.* at 30.) The ALJ further concluded that Plaintiff became disabled on January 16, 2006, pursuant to Medical-Vocational Rule 201.09.[2] (*Id.*)

---

[1]Under that test:

> A claimant must be found disabled if she proves: (1) that she is not presently engaged in a substantial gainful activity[,] (2) that her disability is severe, and (3) that her impairment meets or equals one of the specific impairments described in the regulations. If the impairment does not meet or equal one of the specific impairments described in the regulations, the claimant can still establish a prima facie case of disability by proving at step four that in addition to the first two requirements, she is not able to perform any work that she has done in the past. Once the claimant establishes a prima facie case, the burden of proof shifts to the agency at step five to demonstrate that the claimant can perform a significant number of other jobs in the national economy. This step-five determination is made on the basis of four factors: the claimant's residual functional capacity, age, work experience and education.

*Hoopai v. Astrue*, 499 F.3d 1071, 1074-75 (9th Cir. 2007) (internal citations and quotations omitted).

[2]That rule provides that a claimant is disabled if he is closely approaching advanced age, has a limited education, and is unskilled in terms of previous work experience. Medical-Vocational Rule 201.09. The ALJ determined that Plaintiff entered the "closely approaching advanced age" category on January 16, 2006. (TR at 29.)

The Appeals Council declined to review the decision. (*Id.* at 8.) Plaintiff filed the instant complaint on April 20, 2007, arguing that she was physically and mentally disabled as of September 1, 1999 (rather than as of January 16, 2006).[3] (Dkt. # 1 at 1-2.) Plaintiff filed her Motion for Summary Judgment on December 20, 2007. (Dkt. # 16.) Defendant filed his Cross-Motion for Summary Judgement on March 31, 2008. (Dkt. # 26.)

**DISCUSSION**

**I.    Standard of Review**

A reviewing federal court will only address the issues raised by the claimant in her appeal from the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). A federal court may set aside a denial of disability benefits only if that denial is either unsupported by substantial evidence or based on legal error. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  Substantial evidence is "more than a scintilla but less than a preponderance." *Id.* (quotation omitted).  "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* (quotation omitted).

**II.   Analysis**

Plaintiff asserts that the ALJ erred at step five of the five-step sequential evaluation process in determining that Plaintiff could adjust to other work. (Dkt. # 21 at 2-4.) Plaintiff argues that the ALJ failed to identify and explain differences between the vocational expert's testimony about what other jobs Plaintiff could perform and the standards for those jobs set forth in the Dictionary of Occupational Titles ("DOT") (*Id.* at 5-8).[4]  Plaintiff is correct.

---

[3] Plaintiff was authorized to file this action by 42 U.S.C. § 405(g) (2004) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . .").

[4] Plaintiff also argues that the ALJ failed to consider a variety of evidence and made conclusions unsupported by the evidence. (Dkt. # 21 at 8-18.) Because Plaintiff's motion must be granted under her first argument, the Court does not address her other arguments.

Social Security Ruling[5] 00-4p provides that "as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency [between the vocational expert and the DOT]." SSR 00-4p (Dec. 4, 2000). When there is a conflict between the DOT guidelines and the testimony of the vocational expert, the ALJ is required to explicate that disparity:

> [B]efore relying on [vocational expert] evidence to support a disability determination or decision, our adjudicators must . . . [i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by [the vocational expert] and information in the *Dictionary of Occupational Titles* . . . and . . . [e]xplain in the determination or decision how any conflict that has been identified was resolved.

*Id.* The ALJ is entitled to conclude that the vocational expert's testimony is more reliable than the DOT in making a disability determination, but "the adjudicator must resolve this conflict *before* relying on the [vocational expert's] evidence." *Id.* (emphasis added).

The Ninth Circuit has confirmed that SSR 00-4p is mandatory and therefore that an ALJ may not rely on a vocational expert's testimony without inquiring into and explaining any potential conflicts with the DOT. *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007). The Ninth Circuit has not foreclosed the possibility that "[t]his procedural error could have been harmless, were there no conflict, or if the vocational expert had provided sufficient support for her conclusion so as to justify any potential conflicts . . . ." *Id.* at 1154 n.19.

In this case, the ALJ never inquired into whether there was a conflict between the vocational expert's testimony and the DOT. Therefore, the ALJ committed legal error. *See id.* at 1152. The issue, therefore, is whether that error was harmless, either because there was no conflict between the vocational expert's testimony and the DOT or because the vocational expert's testimony justified any potential conflict. *See id.* at 1154 n.19.

---

[5]Social Security Rulings ("SSRs") are binding on ALJs. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 n.6 (9th Cir.1989).

- 4 -

1   First, there was a conflict between the vocational expert's testimony and the DOT.
2   In response to the ALJ's question about a claimant who could perform only sedentary work
3   (TR at 490) the vocational expert testified:

> In that category, Your Honor, because of the standing being limited to no more than four hours, they would look at sedentary work and sedentary jobs that would exist in Arizona, [and] there are 65 [such jobs in Arizona] . . . and 6,000 in the United States in that category for hand packaging, in the production area there would be 270 in Arizona, and 27,000 in the United States in that same category of unskilled sedentary, and packaging and filling positions there would be 12 in Arizona and 1,500 in the United States.

(*Id.* at 491.) The ALJ thereupon concluded that Plaintiff "has the residual functional capacity to perform a significant range of sedentary work," (*Id.* at 29) and adopted the opinion of the vocational expert that Plaintiff could adjust to other work as a "hand packager," "production worker," or a "packager," (*Id.* at 28).

The DOT, however, designates those positions as requiring a strength factor of "medium," rather than sedentary.[6]  *See* DOT 920.587-018 (hand packager); DOT 529.686-070 (production helper); DOT 920.685-078 (packager). Thus, there is a conflict between the vocational expert's testimony and the DOT.

Defendant argues that the vocational expert was referring to broad categories of production and packaging as a whole, and not to specific jobs. (Dkt. # 28 at 3) Defendant asserts that there are other jobs in those two areas that do not require lifting more than the amount found by the ALJ.[7] (*Id.*) Defendant proffers three such jobs: advertising-service clerk (DOT 247.387-018), order clerk (DOT 249.362-026), and charge account clerk (DOT 205.367-014). (*Id.*) Thus, Defendant asserts that there is no conflict between the vocational expert's testimony and the DOT.

---

[6] There are five terms in which the Strength Factor is expressed: Sedentary, Light, Medium, Heavy, and Very Heavy. *Dictionary of Occupational Titles*, Appendix C (4th rev. ed. 1991), *available at* http://www.oalj.dol.gov/public/dot/references/dotappc.htm.

[7] Defendant does not argue that "hand packaging" refers to a broad category rather than to the specific job of "hand packager."

1 However, as Plaintiff points out, there is no such thing as a general "production area"
2 or "packaging and filling" area. Defendant is ostensibly referring to the "Packaging and
3 Materials Handling Occupations" and "Production and Stock Clerks and Related
4 Occupations" divisions.[8] However, none of the jobs to which Defendant refers falls in either
5 of these divisions. All three of the jobs are in the "Clerical and Sales Occupations" category.
6 The first two are in the "Miscellaneous Clerical Occupations" division and the third is in the
7 "Stenography, Typing, Filing, and Related Occupations" division. None of the groups
8 involves production or packaging and filling; rather, they are all clerical jobs. Thus, the
9 conflict between the DOT and the vocational expert's testimony cannot be explained by
10 reference to these positions.

11 Second, the vocational expert did not provide sufficient support for her testimony such
12 that the conflict described above was justified. There may be an explanation for the disparity
13 between the vocational expert's testimony and the DOT, but no explanation was elicited by
14 the ALJ or provided by the vocational expert on the record. Because the record does not
15 contain such an explanation, there is presently not sufficient support for the vocational
16 expert's conclusion to justify the conflict between her testimony and the DOT.

17 Because the ALJ failed to inquire into or explain the conflict between the vocational
18 expert's testimony and the DOT, the ALJ committed legal error that is not harmless. The
19 ALJ's decision must therefore be vacated.

20 **III.   Remedy**

21 Having decided to vacate the ALJ's decision, the Court has the discretion to remand
22 the case either for further proceedings or for an award benefits. *See Reddick v. Chater*, 157
23 F.3d 715, 728 (9th Cir. 1998). The rule in this Circuit is that a remand for an award of
24 benefits is appropriate in cases where there are no outstanding issues that must be resolved
25 and it is clear from the record that the ALJ would be required to award benefits. *See id.* In

---

[8]Occupational definitions are divided into three levels: overarching "categories," sub-categories called "divisions," and finally "groups." *Dictionary of Occupational Titles*, Parts (4th rev. ed. 1991), *available at* http://www.oalj.dol.gov/public/dot/references/dotparts.htm.

this case, the ALJ erred by not explaining the apparent inconsistency between the DOT and the vocational expert's testimony. Because it is uncertain how the ALJ will resolve this inconsistency, it is not clear from the record that the ALJ would be required to award benefits. Therefore, the Court will remand the case for further proceedings consistent with this order.

## CONCLUSION

The ALJ made a legal error in failing to inquire into and explain conflicts between the vocational expert's testimony and the DOT. Because the error was not harmless, the ALJ's decision must be vacated and the case must be remanded for further proceedings consistent with this order.

**IT IS HEREBY ORDERED** granting Plaintiff's Motion for Summary Judgment.

**IT IS FURTHER ORDERED** denying Defendant's Cross-Motion for Summary Judgment.

DATED this 5th day of September, 2008.

*G. Murray Snow*
G. Murray Snow
United States District Judge